IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HARVEY ARTHUR DESILETS,**

    **Plaintiff,**

vs.                                             Case Number 4:05cv460-SPM/WCS

**BARBARA JUNE LORBERG-DESILETS,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and *in forma pauperis* in this case, previously filed a civil rights complaint pursuant to 42 U.S.C. § 1983, doc. 1, and he was ordered to submit an amended complaint. Doc. 5. Just two days after that order was entered, Plaintiff filed an amended complaint. Doc. 6. It is unknown whether or not Plaintiff received the prior order before submitting the amended complaint. However, it is more clear now that this case cannot proceed.

Plaintiff provides very few factual statements in support of his claims. However the statements that are included demonstrate that this Court cannot provide any relief to Plaintiff.

Plaintiff challenges numerous orders by state court judges.[1] The claims against state judges and justices of the Florida Supreme Court lack merit. Those judicial officers are entitled to judicial immunity from a claim for monetary damages for actions taken pursuant to their judicial authority. Thus, Plaintiff may not bring a civil rights action against a judge because of a ruling that was made or a decision reached in a prior case.

Furthermore, injunctive relief is not possible because this Court may not review a decision of a state court. Such authority belongs only to the United States Supreme Court. The Rooker-Feldman doctrine bars federal district courts from reviewing final decisions of a state court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). In Feldman, the Court reaffirmed the validity of Rooker and reminded federal courts that, "because federal review of state court decisions is entrusted solely to the Supreme Court, they may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." Wood v. Orange County, 715 F.2d 1543, 1546 (11th Cir. 1983), *cert. denied,* 467 U.S. 1210 (1984), *interpreting* Feldman, 263 U.S. at 485-86, 103 S. Ct. at

---

[1] As for Plaintiff's claims against the other persons, they are also inappropriate. The claims against Defendants Magalski and Hunt are barred as they appear to be related to Plaintiff's arrest and the efforts of those persons to have Plaintiff arrested. Plaintiff indicates he has not had a hearing or trial yet, stating he has been waiting 20 months. Thus, until criminal charges are resolved, Plaintiff may not bring claims against these individuals for having him arrested. To the degree Plaintiff brings claims against Defendants Lake, Huggins, Andres, and Metcalf, those people work at banks, a lawfirm, and Morgan-Stanley brokerage firm. They are not state actors and are not liable under 42 U.S.C. § 1983.

Case Number 4:05cv460-SPM/WCS

1316-17.  Thus, because in this action it appears that Plaintiff is trying to overturn or otherwise invalidate state court orders, the claims raised herein are barred and this case must be dismissed.

Moreover, the claims and statements made in the amended complaint are not lucid and cannot provide any relief to Plaintiff.  To the degree Plaintiff wishes to challenge a dissolution of marriage and assert that the Catholic Church has authority over the civil authority, this Court is not the proper venue for that argument as federal courts refrain "from exercising authority over matters broadly described as 'domestic relations.'"  U.S. v. Kegel, 916 F. Supp. 1233, 1235 (M.D. Fla., 1996), *citing* Barber v. Barber, 62 U.S. (21 How.) 582, 584, 16 L. Ed. 226 (1858); Simms v. Simms, 175 U.S. 162, 20 S. Ct. 58, 44 L. Ed. 115 (1898).  The authority for invoking the "domestic relations" exception stems from Barber v. Barber, 21 How. 582, 16 L. Ed. 226 (1859) in which the Supreme Court stated "that the federal courts have no jurisdiction over suits for divorce or the allowance of alimony."  Ankenbrandt v. Richards, 504 U.S. 689, 112 S. Ct. 2206, 2209, 119 L. Ed. 2d 468 (1992), *explaining* Barber, 21 How. 582.  The Ankenbrandt Court explained that although the Constitution itself did not exclude domestic relations cases from the federal court jurisdiction, the exception exists nonetheless as a matter of statutory construction.  Ankenbrandt v. Richards, 504 U.S. 689, 112 S. Ct. 2206, 2213.  The exception rests on the statutory requirements for diversity jurisdiction.  *See* De la Rama v. De la Rama, 201 U.S. 303, 307, 26 S. Ct. 485, 486, 50 L. Ed. 765 (1906), *quoted in* Ankenbrandt, 112 S. Ct. at 2211 (finding that a "husband and wife cannot usually be citizens of different States, so long as the marriage

relation continues (a rule which has been somewhat relaxed in recent cases), and for the further reason that a suit for divorce in itself involves no pecuniary value.").

"The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." In re Burrus, 136 U.S. 586, 593-594, 10 S. Ct. 850, 853, 34 L. Ed. 500 (1890).  Thus, Plaintiff must raise any challenge to his divorce in state court.

Although Plaintiff's amended complaint demonstrates that there is some separation from reality, it is equally evident that Plaintiff's claims fit within the "domestic relations exception" and Rooker-Feldman.  Plaintiff may not use this Court to invalidate proceedings in state court.  Because this court does not have jurisdiction to decide these matters, this case must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. , be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 28, 2005.


　　　　　　　　　　　　　　　　 s/    William C. Sherrill, Jr.
　　　　　　　　　　　　　　　　**WILLIAM C. SHERRILL, JR.**
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Case Number 4:05cv460-SPM/WCS

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.